UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| COBALT HOLDINGS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:13-CV-921 JD |
| BREAK RUBBER TECHNOLOGIES, LLC, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Cobalt Holdings, LLC ("Cobalt"), has brought suit against defendant Break Rubber Technologies, LLC ("Break Rubber"), alleging that Break Rubber failed to refund down payments paid by Cobalt on a contract that was later mutually cancelled. The Court has subject matter jurisdiction under 28 U.S.C. § 1332. Now before the Court is Cobalt's Motion for Summary Judgment. [DE 13.] Break Rubber has not responded to the motion and the time to do so has passed; Cobalt represents that Break Rubber "has indicated that it cannot stipulate to the entry of a Judgment but would not oppose a Motion for Summary Judgment." [DE 13 at 2.] For the reasons stated below, Cobalt's Motion for Summary Judgment is **GRANTED**. [DE 13.]

### I. Factual Background

The facts in this case are almost entirely admitted by Break Rubber in its answer to Cobalt's complaint.[1] In November 2009, Break Rubber contracted to manufacture and sell a mill to Cobalt for $287,000. Cobalt made two down payments for the mill, totaling $258,300. The

---

[1] Break Rubber does deny in its answer that "Break Rubber and/or its principal owner, David Futa, utilized the balance of the deposited funds for other business or personal purposes." [DE 6 at 3.] However, that issue is not a material fact in resolving this motion for summary judgment.

contract was mutually cancelled and Break Rubber agreed to refund to Cobalt the down payments that Cobalt had already paid.

Break Rubber provided a refund of $100,000, and $26,650 of later work performed by Break Rubber for Cobalt was credited against the amount owed. The parties agree that Break Rubber continues to owe Cobalt $131,650. In its answer, Break Rubber states that it has not made the payment "because it has dissolved and [is] in a state of insolvency." [DE 6 at 4.]

## II. Discussion

On summary judgment, the burden is on the moving party to demonstrate that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That means that the Court must construe all facts in the light most favorable to the nonmoving party, making every legitimate inference and resolving every doubt in its favor. *Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 503–04 (7th Cir. 2014). A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* On the other hand, where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

Here, Cobalt alleges that Break Rubber owes it $131,650 based on an agreement between the parties to refund down payments on a contract that was later mutually cancelled. Break Rubber agrees that it owes that amount of money. Thus, there is no genuine dispute as to any material fact and Cobalt is entitled to summary judgment if the facts establish that it is entitled to judgment as a matter of law.

2

Break Rubber's only alleged defense is that it has been dissolved and is insolvent. However, Indiana law allows for claims to be enforced against dissolved limited liability companies. Ind. Code. § 23-18-9-8. Accordingly, the Court cannot locate any legal basis for Break Rubber to avoid its admitted liability to Cobalt.

### IV. Conclusion

For the reasons stated above, Cobalt's Motion for Summary Judgment is **GRANTED**. [DE 13.] The Clerk is **DIRECTED** to enter judgment in favor of Cobalt Holdings, LLC, in the amount of $131,650.00.

SO ORDERED.

ENTERED: October 8, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court